This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36922

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ANTHONY BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**     Defendant appeals following convictions for possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23(A), (E) (2011, as amended 2019); robbery, contrary to NMSA 1978, Section 30-16-2 (1973); conspiracy to commit robbery, contrary to NMSA 1978, Section 30-28-2 (1979) and Section 30-16-2; and aggravated battery, contrary to NMSA 1978, Section 30-3-5(B) (1969). Defendant challenges the sufficiency of the evidence. We affirm.

**{2}** Defendant has presented only a generalized claim of insufficiency. *See* Rule 12-318(A)(4) NMRA ("A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence[.]"). Nevertheless, we review the evidence, but we do so without the benefit of any specific challenge.

**{3}** We engage in a two-step analysis to evaluate a challenge to the sufficiency of the evidence presented to support a conviction. First, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Second, we "make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted). As long as there is substantial evidence to support a verdict, this Court "will not reweigh the evidence or substitute its judgment for that of the jury." *State v. Trujillo*, 2002-NMSC-005, ¶ 28, 131 N.M. 709, 42 P.3d 814. "[S]ubstantial evidence [is] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

**{4}** In the current case, the evidence presented below is undisputed and we accept the facts as outlined by the parties in their briefing. Trial testimony from the victim established that on January 13, 2016, Defendant and another man came to the victim's home in Clovis, New Mexico, and together demanded money or drugs from him. During this encounter, the victim and the man who arrived with Defendant engaged in a physical fight at which point Defendant attacked the victim with a stun gun and sickle. Defendant and the other man then together took and fled with items from the victim, including watches. The victim knew Defendant and provided 911 with his name and description. The State presented testimony that officers located Defendant, pursuant to the victim's description, and found two small baggies on Defendant's person during a search incident to arrest. The contents of both baggies were tested and found to contain methamphetamine.

**{5}** Accordingly, viewing the evidence as we must, and pursuant to the instructions provided to the jury, we conclude that the evidence was sufficient to support each of Defendant's convictions. We therefore affirm.

**{6}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**